IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00001-MR-WCM

| | |
|---|---|
| **LESLIE V. HODGE,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **TOYOTA MOTOR CREDIT** ) <br> **CORPORATION, ET AL. KEFFER** ) <br> **MAZDA, MAZDA FINANCIAL** ) <br> **SERVICES,** ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Motions for Entry of Default [Docs. 17, 20] and Motion for Entry of Default Judgment [Doc. 21].

The Plaintiff initiated this action on January 3, 2022, against the Defendant Toyota Motor Credit Corporation. [Doc. 1]. On January 24, 2022, the Plaintiff filed an Amended Complaint, naming Keffer Mazda and Mazda Financial Services as additional defendants. [Doc. 5].

On March 15, 2022, Lake Norman Auto Mall, LLC, d/b/a Keffer Mazda (hereinafter "Keffer Mazda") filed a Motion to Dismiss in Lieu of Answer, or in the Alternative, Motion to Stay Action and Compel Arbitration ("Motion to

Dismiss"). [Doc. 13]. On March 22, 2022, Toyota Motor Credit Corporation, d/b/a Mazda Financial Services, filed a motion to join in Keffer Mazda's Motion to Dismiss. [Doc. 15]. In its motion, Toyota Motor Credit Corporation, d/b/a Mazda Financial Services, noted that it had been incorrectly named as two separate defendants in the Complaint and Amended Complaint. [Id.]. On March 23, 2022, the Plaintiff filed a response to the Motion to Dismiss. [Doc. 16].

The Plaintiff now moves for the entry of default and the entry of a default judgment against all the named Defendants on the grounds that they have failed to plead or otherwise defend this action. [Docs. 17, 20, 21].

Rule 55(a) requires the clerk to enter default upon a showing that a party has failed "to plead or otherwise defend." See Fed. R. Civ. P. 55(a). Here, however, the Defendants have not failed to plead or otherwise defend. To the contrary, they have to sought to dismiss the Complaint or, in the alternative, to compel arbitration of the parties dispute. The Plaintiff's motions for the entry of default and a default judgment, therefore, are denied.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's Motions for Entry of Default [Docs. 17, 20] and Motion for Entry of Default Judgment [Doc. 21] are **DENIED**.

**IT IS SO ORDERED.** Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge