IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00001-MR-WCM

| | |
|---|---|
| **LESLIE V. HODGE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **TOYOTA MOTOR CREDIT** ) | |
| **CORPORATION, KEFFER MAZDA,** ) | |
| **and MAZDA FINANCIAL SERVICES** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Vacate or Modify Arbitral Award." [Doc. 36].

## I. BACKGROUND

On January 3, 2022, the Plaintiff Leslie V. Hodge ("Plaintiff"), proceeding *pro se*, initiated this action against Keffer Mazda, Toyota Motor Credit Corporation (TMCC), and Mazda Financial Services (collectively "Defendants").[1] [Doc. 1]. On January 24, 2022, the Plaintiff filed an Amended

---

[1] According to Defendant Toyota Motor Credit Corporation d/b/a Mazda Financial Services, the Plaintiff has incorrectly named Toyota Motor Credit Corporation and Mazda Financial Services as separate defendants. [Doc. 15 at 1]. Accordingly, the Court will use "Toyota Motor Credit Corporation" to refer to both "Toyota Motor Credit Corporation" and "Mazda Financial Services."

Complaint. [Doc. 5]. In her Amended Complaint, the Plaintiff alleges that the Defendants violated the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Truth in Lending Act as well as obtained and disclosed her "customer information" under false pretenses in violation of 15 U.S.C. § 6821. [Id. at 25-26].

On March 15, 2022, Defendant Keffer Mazda filed a "Motion to Dismiss in Lieu of Answer, or in the Alternative, Motion to Stay Action and Compel Arbitration." [Doc. 13]. On March 22, 2022, Defendant Toyota Motor Credit Corporation filed a "Joinder in Defendant Keffer Mazda's Motion to Dismiss in Lieu of Answer, or in the Alternative, Motion to Stay Action and Compel Arbitration." [Doc. 15]. On May 9, 2022, the Plaintiff filed a Motion for Summary Judgment. [Doc. 25]. On May 23, 2022, Defendant Toyota Motor Credit Corporation filed a "Motion to Stay Motion for Summary Judgment or Alternative Motion for Extension of Time." [Doc. 26].

On June 17, 2022, this Court entered an order finding that the Plaintiffs and Defendants entered into a valid contract and the arbitration clause contained therein was valid and enforceable. [Doc. 30]. Accordingly, this Court ordered the parties to arbitrate their dispute in accordance with the terms of their agreement and stayed this matter pending such arbitration. [Id.] An arbitrator conducted a final hearing on February 23, 2023, and

entered a Final Award in favor of the Defendants and against the Plaintiff on March 13, 2023. [Doc. 35]. Specifically, the arbitrator found that the Plaintiff's claims were not supported by the evidence, and that the claims were harassment or frivolous under Rule 44 of the American Arbitration Association ("AAA") Consumer Arbitration Rules. [Doc. 35-1 at 3]. Therefore, the arbitrator awarded damages to TMCC in the amount of $1,864.32 (the amount due from the Plaintiff pursuant to the contract) and additionally ordered the Plaintiff to pay $4,900.00 representing the arbitration fees to previously incurred and paid by the Defendants to the AAA, for a total award of $6,764.32. [Doc. 35-1 at 4].

On June 5, 2023, the Plaintiff filed a Motion to Vacate or Modify Arbitral Award. [Doc. 36]. The Defendant filed a Response in Opposition to the Plaintiff's Motion. [Doc. 37]. The Plaintiff did not file a reply to the Defendant's Response in Opposition, and the time to do so has expired. Thus, the matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

Generally, district courts are to give great deference to arbitration awards, and a district court's findings underlying a decision to confirm an award will be reviewed for clear error. Doctor's Exch. of S.C. v. Am.'s Best Contacts & Eyeglasses, Inc., 26 F. App'x 236, 240 (4th Cir. 2002). "Indeed,

the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998). "'A [district] court sits to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it.'" Wachovia Sec., LLC v. Brand, 671 F.3d 472, 478 (4th Cir. 2012) (quoting U.S. Postal Serv. v. Am. Postal Workers Union, 204 F.3d 523, 527 (4th Cir. 2000).

The Supreme Court has held that under the Federal Arbitration Act ("FAA"), a court *must* confirm an arbitration award unless a party to the arbitration demonstrates that vacatur is warranted under one of the statutorily enumerated grounds.[2] Hall Street Associates, LLC v. Mattel, Inc.,

---

[2] Per the Act,
> the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

552 U.S. 576, 577 (2008). The Fourth Circuit has subsequently clarified that an award may be vacated when the arbitrator "manifestly disregards" the law. Wachovia, 671 F.3d at 483. "[F]or a court to vacate an award under the manifest disregard theory, the arbitration record must show that (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator refused to heed that legal principle." Id. at 481 (internal quotations and alterations omitted).

### III. DISCUSSION

This Court has already found that the parties had a binding contract that includes a valid arbitration agreement, and that the FAA applies to this case. [Doc. 30]. The FAA proscribes specific situations where the vacation of an award by a district court is appropriate, including "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The Plaintiff argues that this provision applies here, and that the arbitrator "fail[ed] to recognize undisputed, legally dispositive facts" in manifest disregard for the law. [Doc. 36 at 4]. Nothing in the Arbitration

---

9 U.S.C. § 1(a).

Award, however, supports this argument, and the Plaintiff does not cite to any facts or conclusions in the record that were disregarded or otherwise misinterpreted. Furthermore, without specific claims from the Plaintiff as to what legal principle was ignored, the Court cannot be left to simply sift through the record for something that may be beneficial to the Plaintiff.

In the alternative, the Plaintiff argues that the award of arbitration costs and fees against her should be modified under 9 U.S.C. § 11(b) because the parties did not submit a request for fees. This provision of the Act provides that that the district court may modify or correct an award "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b). However, Rule 44(b) of the Consumer Arbitration Rules permits the arbitrator to "allocate compensation, expenses . . . , and administrative fees (which include Filing and Hearing Fees) to any party upon the arbitrator's determination that the party's claim or counterclaim was filed for purposes of harassment or is patently frivolous." Additionally, the arbitration clause in the parties' contract provides that arbitration fees "may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law." [Doc. 33-1]. While the Plaintiff did not "submit" this issue to the arbitrator, the arbitrator

was well within his authority under the applicable rules and governing contract to tax the arbitration fees against the non-prevailing party. Such issue is inherently before the arbitrator pursuant to Rule 44(b) based on the underlying claim that has been submitted for arbitration. The award of fees does not affect the merits of the decision on the Plaintiff's initial claims.

Because this Court finds that the arbitrator did not exceed their power or manifestly disregard the law, the Plaintiff's motion must be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Vacate or Modify Arbitral Award [Doc. 36] is **DENIED**.

The Court hereby enters judgment in accordance with the Award of Arbitrator [Doc. 37-3] as follows: Toyota Motor Credit Corporation shall have and recover of the Plaintiff Leslie V. Hodge the amount of $1,864.32, and in addition thereto, the Defendant Toyota Motor Credit Corporation and Keffer Mazda shall have and recover of the Plaintiff Leslie V. Hodge the amount of $4,900.00 representing the costs of the arbitration in accord with the contract between the parties.

**IT IS FURTHER ORDERED** that the Plaintiff shall have and recover nothing of the Defendants and the Plaintiff's action against the Defendants is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 5, 2023

Martin Reidinger
Chief United States District Judge